UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRESTIGE STONE & PAVERS CORP., <br><br> Plaintiff, <br><br> -against- <br><br> GRANICOR INC., <br><br> Defendant. | **COMPLAINT** <br><br> Civil Action No. |

Plaintiff, PRESTIGE STONE & PAVERS CORP., by and through its attorneys, Avallone & Bellistri, LLP, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This action is commenced for the purpose of compensating the Plaintiff for monetary and economic damages arising from the Defendant's failure to provide stone panels in a timely manner and cut to fabrication criteria, in material breach of the contract between the parties.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity for purposes of citizenship, and the amount in controversy exceeds $75,000.00.

3. Venue is proper here within the meaning of 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in the Southern District of New York. Namely, the contracted work was for a project of a NYC Police Memorial at Battery Park City in the Southern District of New York. Defendants were responsible for delivering and engraving the contracted for stone featuring the names of deceased NYPD officers to the aforementioned memorial site within the Southern District of New York.

## THE PARTIES

4.  Plaintiff, PRESTIGE STONE & PAVERS CORP. ("Prestige"), is and was at all times hereinafter mentioned a domestic business corporation organized and existing under and by virtue of the laws of the State of New York with its principal place of business located in Queens County, State of New York.

5.  Defendant, GRANICOR INC. ("Granicor"), is and was at all times hereinafter mentioned a foreign corporation or company organized and existing under and by virtue of the laws of Canada and of Québec doing business within the Southern District of New York.

## STATEMENT OF FACTS

6.  In 2020, the Battery Park City Authority ("BPCA") contracted with Brickens Construction Inc. ("Brickens") to create the NYC Police Memorial Expansion located in Battery Park City. Pursuant to this agreement, work was to be completed on or before August 15, 2021 anticipating scheduled dedication on September 11, 2021.

7.  In 2020, Brickens contracted with Prestige to provide work on the Battery Park Police Memorial.

8.  On or about March 4, 2021, Prestige entered into a purchase order with Granicor for production, preparation and delivery of granite stone panels amounting in a total of $270,432.00. Granicor was fully aware at the time of the formation of the contract that the completion date determined by BPCA was August 15, 2021.

9.  On or about March 31, 2021, Granicor Senior Project Manager, Vedran Vanic provided Prestige with a Production Schedule.

10.  The March 31 schedule provided by Granicor stated that "1st Priority" work, which was to be the Prairie Green stone, would take 8-10 weeks to be completed which included the 2 weeks of

production and 6 weeks of engraving. "2nd Priority" work, including all other stone, would take 6-8 weeks after the "1st Priority" work was completed.

11. This maximum 18 week timeline was anticipated to begin the Friday after the March 31, 2021 Production Schedule was provided on April 2, 2021. This timeline would have work completed no later than August 6, 2021.

12. On or about April 16th 2021, the shop drawings for the project were initially approved.

13. On or about May 25th, 2021 a revised schedule with the approval of new shop drawings pushed completion of the project to late September 2021.

14. On or about July 22, 2021, due to BPCA's concern of the delay of the project and Granicor's continued delays in producing and shipping the contracted for stone, Prestige paid Granicor $43,000.00 to "expedite" all stone work. Granicor insisted on this additional $43,000.00 claiming it necessary to more closely adhere to the original completion date. This $43,000.00 in fact did little to nothing to "expedite" the process as Granicor continue to delay the project despite receiving this payment from Prestige

15. Partial delivery of granite panels was completed in late August 2021.

16. On August 17th, 2021, the adjusted engraving text files were approved by Granicor for completion on the project. Per the Granicor scheduling, if production started immediately following the approval, work would have been completed no later than October 26, 2021.

17. Prestige relied on Granicor's representation that 8-10 week timeline previous was accurate.

18. On September 16, 2021, Vedran Vanic of Granicor emailed Carl Monte, the Director of Projects for Prestige, stating "Actual lead time for finalizing project will be mi[d]/end of November."

19. This new mid/end of November timeline given by Granicor was contrary to the initial scheduling provided by Granicor and caused further delays and damages to Prestige.

20. In September 2021 upon the start of Prestige's installation of the August-delivered stone, damages to the stone were discovered requiring repairs and eventual replacement.

21. Despite Prestige paying Granicor the "expediting" fee of $43,000.00, Granicor remained unreasonably inactive for 3 ½ months with no stone being provided after the August partial delivery.

22. On or about December 20, 2021, 8 weeks after the final approval of the engraved materials, additional stone, both engraved and un-engraved, was delivered damaged and improperly fabricated by Granicor. These problems were communicated to Granicor by Prestige on December 21, 23, and 27, 2021.

23. The damages caused by the delay in performance by Granicor were compounded by the defectively fabricated stone.

24. On December 30, 2021, with the stonework still incomplete due to the failure of Granicor to provide the contracted for stone panels, Brickens issued a Notice to Perform on Prestige indicating damages incurred by Brickens will be passed to Prestige despite the failings being on the part of Granicor as the provider of the stone.

25. On January 18, 2022, an on-site meeting was held among Prestige, Granicor, BPCA and Brickens. Representing Prestige was Carl Monte; General Counsel for Prestige; and, at least two other Prestige union employees. At this meeting, Granicor agreed that due to the defective fabrication, Granicor was to take back to Canada certain stone pieces as templates to fabricate new stone panels in order to replace the stone delivered in December 2021 which were defective and which were rejected by the project.

26. Further at the January 18, 2022 meeting, Granicor promised a delivery date of February 21, 2022 for the outstanding materials.

27. On February 3, 2022 Carl Monte emailed Matheiu Robitaille, Granicor's Director of Production, informing that the BPCA needed a "status of materials" and that Prestige was anticipating delivery from Granicor no later than February 21, 2022.

28. On February 8, 2022, Anthony Buquicchio, Director of Construction for BPCA, also followed up with Matheiu Robitaille and Granicor seeking a status update as to the replacement pieces.

29. On February 9, 2022, Granicor through Matheiu Robitaille informed Anthony Buquicchio that the blocks were cut, drawings completed and that the two pieces would be completed with engraving within the upcoming week (no later than February 18, 2022).

30. On February 9, 2022 Matheiu Robitaille also informed representative of BPCA, Project Manager Laurent Pierre-Phillippe, that pieces "should be good for the 28th", referring to February 28th despite previously agreeing to delivery no later than February 21, 2022.

31. On February 24, 2022 Matheiu Robitaille emailed Prestige informing them that Granicor would have to again push back delivery and that engraving would be done by March 4, 2022 with delivery on March 11, 2022.

32. On February 24, 2022, in response to Matheiu Robitaille's email, Carl Monte inquired as to the status of piece at the end of the flume and flume epoxy to repair previously provided stone.

33. On February 25, 2022 Carl Monte informed Vedran Vanic that flume epoxy was to be completed by Granicor per the on-site discussions on January 18, 2022 and on said date that Matheiu Robitaille had committed to sending a truck to pick up the damaged piece if needed to repair off-site.

34. On February 28, 2022 Vedran Vanic confirmed that the flume epoxy repair was within the scope of Granicor's contracted work.

35. On or about March 2, 2022 Carl Monte again contacted Granicor advising of the stone pieces alignment defects and the need to have them refabricated due to the work done by Granicor. The

improper cutting of the stone by Granicor was leading to cascading economic loss to the project and continuous pressures from Brickens and BPCA.

36. On or about March 17, 2022 BPCA informed Brickens that they will be responsible for the damages caused by the seven month delay in the project.

37. On or about March 17, 2022 Vedran Vanic confirmed that the corner pieces of the project would be completed by March 18, 2022 and delivered by March 25, 2022 along with three additional stone pieces.

38. On or about March 17, 2022, Manon Charest, of Granicor's shipping department confirmed the March 25, 2022 delivery date and informed Carl Monte that the date could not be moved up.

39. On or about March 18, 2022, Brickens requested Prestige provide a recovery plan and stated its intention to hold Prestige accountable for damages and delays caused by Granicor's unreasonable postponements. Prestige provided said recovery plan on March 21, 2022 outlining a project end date of April 22, 2022 based on the March 25, 2022 represented delivery date.

40. On March 23, 2022, with no update as to the status of materials, General Counsel for Prestige, Avallone & Bellistri, LLP, contacted Granicor for an update. No response was given.

41. On April 26, 2022, with delivery still not made and stone still needing to be fixed, Mathieu Robitaille confirmed to have received the template to complete the work.

42. On April 29 2022, Prestige informed Granicor that additional panels provided by Granicor were rejected by BPCA and that a sample would be needed of these panels.

43. On May 4, 2022, Carl Monte inquired as to the status of materials and Mathieu Robitaille informed Prestige that his worker was "overwhelmed" and that the work would be done "as soon as possible". Carl Monte further informed Granicor that completion of the project was to be done no later than June 7, 2022.

44. On May 11, 2022, Mathieu Robitaille informed Prestige that there would be further delays on the project and that he could not provide as exact date for a sample.

45. On May 31, 2022 Carl Monte followed up with Granicor seeking a status on all the outstanding panels especially the panel discussed in the April 29, 2022 correspondence.

46. On June 6, 2022 Granicor confirmed that delivery would be made to Prestige's office on June 9, 2022. Further, Granicor informed Prestige that Granicor workers would be able to come to the work site no earlier than June 27, 2022, a full 20 days after the newly discussed completion date.

47. On June 14, 2022, Granicor was informed that one of the stone pieces delivered by Granicor would need to be modified including re-engraving of three panels and corrections. These panels had been rejected by BPCA as defective.

48. On or about June 30, 2022, all work was completed at the NYC Battery Park Police Memorial Project, nearly eleven (11) months after the agreed upon contractual date.

49. All delays and damages associated with the delays were caused by Granicor's failure to comply with their obligations under their contract with Prestige.

50. Granicor failed to timely provide the stone under the contract. When the stone was eventually provided, defective cutting, poor fabrication and work done contrary to specification caused further delay and damages.

51. Also due to Granicor's breach of contract in fabricating and delivering the proper stone panels, Prestige was forced to assign their union employees to work on the project, removing them from other projects in order to assist Granicor in expediting the completion of the NYC Police Memorial. This not only forced Prestige to incur overtime expenses but also caused delays in the completion of other ongoing projects.

52. Further, Granicor demanded payment for "expedited" work which saw no change to the pace of the project and in fact was only delayed further after this fee was paid by Prestige.

53. Due to the conduct and delays of Granicor, Prestige has also suffered damage to its reputation and no longer is considered to perform work for Brickens and BPCA resulting in significant future economic damages.

## FIRST CAUSE OF ACTION
### Breach of Contract

54. Plaintiff repeats, re-alleges and incorporates by reference each and every of the forgoing paragraphs as if fully set forth herein.

55. Pursuant to the contract entered into between Plaintiff Prestige and Defendant Granicor, Granicor willingly obligated itself and thus had a duty to facilitate the safe, proper and timely manufacturing, engraving and delivery of stone from Canada to New York City for the NYC Police Memorial Project in Battery Park.

56. Defendant Granicor breached its duty under the contract as evidence in the above facts by failing to provide the promised stone under the contract in a timely manner.

57. Due to Granicor's breach their duties under the contact, Plaintiff Prestige incurred hundreds of thousands of dollar in damage in overtime payment, repairs and fees paid to the general contractor, legal fees as well as loss of future employment opportunities.

58. As a direct result of Granicor's breach of contract, Plaintiff Prestige has suffered damages in the amount of $500,000.00.

## SECOND CAUSE OF ACTION
### Fraudulent Inducement

59. Plaintiff repeats, re-alleges and incorporates by reference each and every of the forgoing paragraphs as if fully set forth herein.

60. Defendant Granicor made a material misrepresentation that if a fee of $43,000.00 was paid by Prestige they could expedite the work for the NYC Police Memorial.

61. This misrepresentation was false because Granicor could not expedite the project to comply with the original completion date or one similarly close.

62. At the time Granicor knew the project could not be completed in a reasonable time period.

63. Defendant Granicor intended that the misrepresentation of "expediting" the completion of the project in a reasonable time would induce Plaintiff Prestige to rely on the information provided to them.

64. Plaintiff Prestige reasonably relied on the information Granicor provided to them agreeing to pay the $43,000.00 fee to "expedite" the project.

65. Defendant Granicor had a duty to disclose material information concerning their ability to complete the project in a timely manner.

66. Plaintiff Prestige would not have agreed to pay the $43,000.00 fee had they known that the project would continue to be delayed and not in any way expedited.

67. Plaintiff is entitling to monetary damages in the amount of $43,000.00 plus interest.

## THIRD CAUSE OF ACTION
### Unjust Enrichment

68. Plaintiff repeats, re-alleges and incorporates by reference each and every of the forgoing paragraphs as if fully set forth herein.

69. Defendant Granicor was enriched by receiving the "expediting" payment of $43,000.00 from Plaintiff.

70. The enrichment came at the expense of Plaintiff.

71. The circumstances of the enrichment of Defendant were that Defendant misrepresented that said $43,000.00 would lead to earlier completion of the project closer to the initial agreed upon date. Defendant instead continued to delay completion of the project almost an additional year.

9

72. Had Plaintiff known the truth as to the completion date, Plaintiff would not have paid a sum of $43,000.00 to "expedite" the work.

73. Equity and good conscience demand the Defendant return the money Plaintiff paid.

74. Plaintiff was damaged in the amount of $43,000.00 plus interest.

## DEMAND FOR JURY

75. Plaintiff hereby demands a trial by jury for all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a) Compensatory and economic damages as and for the first cause of action in the amount of $500,000.00;

(b) Compensatory and economic damages as and for the second cause of action in the amount of $43,000.00;

(c) Compensatory and economic damages as and for the third cause of action in the amount of $43,000.00;

(d) Grant Plaintiff all costs for this action, including reasonable attorney's fees;

(e) Such other and further relief as this Court may deem just and proper.

Dated: Lake Success, New York
July 15, 2022

Respectfully submitted,

AVALLONE & BELLISTRI, LLP

By: /s/ Rocco G. Avallone
Rocco G. Avallone, Esq.
Attorneys for Plaintiff
3000 Marcus Avenue, Suite 3E07
Lake Success, NY 11042
(516) 986-2500
ravallone@lawyersab.com